IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORENZO HARRIS, FT-5609,<br>    Petitioner, | )<br>)<br>) |
| v. | )   Civil Action No. 07-565 |
| EDWARD J. KLEM, et al.,<br>    Respondents. | )<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Lorenzo Harris for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal constitutional claim upon which a reasonable jurist could conclude that a basis for appeal exists.

II. Report:

Lorenzo Harris, an inmate at the State Correctional Institution- Mahanoy, has presented a petition for a writ of habeas corpus. In an Order entered on May 3, 2007, the respondents and the District Attorney of Allegheny County were directed to answer and show cause, if any, why the relief sought should not be granted.

Harris is presently serving an eighteen and a half to thirty-seven year sentence imposed following his conviction, by a jury of indecent assault, terroristic threats, unlawful restraint, rape, possessing instruments of a crime and violation of the Uniform Firearms Act, at No. CC 199809422 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence

was imposed on August 7, 2000. Following the denial of post-trial motions, an appeal was filed. In that appeal, the petitioner contended he was entitled to relief on these questions:

> 1. Was appellant denied his due process rights and right to counsel under both the Constitutions of the United States and the Commonwealth of Pennsylvania due to ineffective assistance of counsel at trial?
>
> 2. Did the trial court err in refusing to grant appellant's requesting that the court instruct the jury regarding the law relating to "missing witness?"
>
> 3. Did the trial court err in refusing to grant appellant's motion for judgment of acquittal as the evidence at trial was insufficient to support a finding of guilty on the charges?[1]

On February 17, 2004, the judgment of sentence was affirmed.[2] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the same issues were presented.[3] At petitioner's request the petition for allowance of appeal was withdrawn on March 16, 2004.[4]

At the time of the discontinuation of his appeal, the petitioner had filed a post-conviction petition. That petition was dismissed on July 29, 2004.[5]

On February 22, 2005, Harris filed a second post-conviction petition. That petition was dismissed on August 8, 2005. An appeal was taken to the Superior Court in which Harris, acting

---

[1] See: Exhibit 4 to the answer. In his issue regarding the alleged ineffectiveness of counsel, petitioner summarized his argument to the Superior Court contending that counsel was ineffective for failing to investigate, interview and procure alibi witnesses and in failing to properly investigate and impeach medical and DNA evidence. Exhibit 4 at p.13).

[2] See: Exhibit 6 to the answer.

[3] See: Exhibit 7 to the answer.

[4] See: Exhibit 8 to the answer.

[5] See: Exhibit 11 to the answer.

pro se, raised the following claims:

> 1. Was appellant denied his right to amend his PCRA-petition guaranteed under both the Constitution of the United States, the Commonwealth of Pennsylvania, also the Pennsylvania Rules of Court.
>
> 2. Did the PCR-court err in not allowing the petitioner to amend his petition, so that he could correct any defects that are on the petition, [or] explain what was not presente[d] in such a [manner] that the Court didn't understand the issues raised.
>
> 3. Whether a petitioner who filed his pro-se PCRA-petition was denied his right to be heard on the merits of a claim of miscarriage of justice where in his case he was not given the opportunity to amend and adequately set forth the facts and to identify in the record the support to such claim/or ground.[6]

On October 24, 2006, the Superior Court affirmed the denial of post-conviction relief.[7] In doing so, the Court observed:

> We note that both the PCRA court, in its opinion, and the Commonwealth, in its appellate brief, characterize appellant's chief complaint on appeal as being that the PCRA court erred in failing to allow appellant to amend his PCRA petition... However, from our review of appellant's various pleadings, as confusing and inarticulate as they may be, appellant's actual complaint appears to be that the PCRA court failed to allow appellant to respond to the PCRA court's Rule 907 notice. We gather this from the general argument presented on appeal and from appellant's citing of Rule 907 in his statement of matters complained of on appeal.[8]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the issues presented were:

> I. Ineffective assistance of counsel.
>
> II. Court erred in denying missing witness instruction.

---

[6] See: Exhibit 17 to the answer.

[7] See: Exhibit 19 to the answer.

[8] Id. at p.3.  Rule 907 provides authority for the post-conviction court to dispose of a petition without a hearing after giving notice of intention to do so to the defendant.

    III. The evidence in this case was insufficient to sustain the conviction of appellant.

    IV. The petitioner was entitled to amend his PCRA-petition prior to dismissal.

    V. Petitioner['s] rights under both the Constitution of [the] United States and Commonwealth of Pennsylvania was deprived.

    VI. Petitioner was not given a opportunity to correct or amend his PCRA-petition before lower court dismissal.[9]

On April 13, 2007, leave to appeal was denied.[10]

    The instant petition was executed on April 23, 2007, and in the petition Harris contends he is entitled to relief on the following grounds:

    1. [Petitioner] has a right [to] effective counsel under the United States Constitution and Commonwealth Constitution [that is, as a result of a change in trial counsel who was not provided with the records from previous counsel which would have aided the defense in impeaching a Commonwealth witness].

    2. Prosecutor[ial] misconduct [that is at sentencing the prosecutor informed the court of prior criminal conduct of the petitioner which did not result in a conviction].

    3. The weight of the evidence was insufficient to sustain the conviction of appellant [that is the gun was not linked to the petitioner and that DNA evidence was dismissed when the jury deadlocked on the second rape charge and thus the conviction was based on hearsay].

    4. There w[ere] medical records that could have been presented and would have cast a reasonable doubt among the jury [that is, as a result of pain, the plaintiff could not have engaged in the alleged sexual conduct].[11]

    In his memorandum, the petitioner also makes additional arguments:

---

[9] See: Exhibit 20 the answer.

[10] See: Exhibit 21 to the answer.

[11] See: Petition at ¶12.

5. His Miranda rights were violated in that he was detained for seven days before being arrested on these charges.

6. His mail was confiscated during a cell search.

7. He was denied the right to a polygraph test and physical and mental exams as well as not receiving the crime report until a week prior to trial.

8. Trial counsel failed to subpoena defense witnesses.

9. Trial counsel was ineffective in notifying the court that the petitioner had returned to his residence after the time when the crime was committed as opposed to petitioner's claim that he returned prior to the time of the crime.

10. He was denied prompt medical treatment for his Chlamydia infection.

11. Trial counsel failed to impeach witnesses based on differences in their trial and preliminary hearing testimony.

12. Trial counsel failed to inform him of the plea offered by the prosecution.

The respondents concede that the instant petition is timely filed[12] but contend that it is subject to dismissal for failure of the petitioner to exhaust the available state court remedies.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973);

---

[12] See: Answer at p.10.

Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, as the Commonwealth correctly observes, all but petitioner's second, third and eighth issues have not been presented to the courts of the Commonwealth for their consideration in the first instance and are for this reason unexhausted. The petitioner is time barred from returning to the state courts to raise the unexhausted issues. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

No such showing is made here and for this reason all but issues 2, 3 and 8 are barred from consideration here.

The background to this conviction is set forth in the Superior Court's recitation of the facts as set forth by the trial court:

> On May 14, 1998, [Harris] was on parole from a sentence ...   Harris was a resident of the Renewal Center located in the Downtown Section of the City of Pittsburgh and was permitted work release ...
>
> After working that day, Harris and a co-worker went to the Whales Tale shelter located on Fifth Avenue in the Uptown Section of the City of Pittsburgh.  Whales Tale is a shelter which houses troubled, young women ages eighteen to twenty-one.  While at the Whales Tale, Harris asked three of the residents ... to

accompany him to his house to smoke marijuana. They agreed and then the four of them took a jitney to that residence and met Harris's cousin, Richard Hampton, who is also known by his nickname, Minute... They went in the house and watched television in the living room and talked for awhile. Although Harris had enticed the three women to accompany him through a promise to smoke marijuana, no marijuana was smoked at the residence while the women where there.

While the group was talking and watching television Harris asked [T.H.] if he could talk to her privately; she agreed, and they went to a bedroom on the second floor. Once they were in the bedroom, Harris told [T.H.] that he liked her and wanted to know her more intimately; she, however, said no. Harris continued his advances and [T.H.] once again told him that she was not interested. Harris then grabbed [T.H.'s] hands and she began to struggle. Harris said that he was not going to fight with her and he let go of her and walked out of the room. [T.H.] got up and began to leave the room when Harris reappeared with a gun in his hand. Harris pointed the gun at [T.H.] and told her they were going to have sex and ordered her to take off her clothes. Harris then ordered [T.H.] onto the bed and set the gun on the night stand. Harris penetrated [T.H.] twice and then told her that he was going to put on a condom. Harris put the condom on and then continued to rape [T.H.]. Shortly thereafter, Minute came up the stairs and knocked on the door and said that [T.H.'s] friends were ready to leave. Harris told Minute that they would be out soon. Harris then pointed the gun at [T.H.] and told her that if she said anything about what happened, he would kill her. Eventually, the three women left the home and went back to the Whales Tale...[13]

In his second issue, the petitioner contends that as a result of prosecutorial misconduct, at the time of sentencing the trial court was made aware of items contained in his juvenile record which had not resulted in a conviction. Initially, it should be observed that in the Superior Court this issue was raised solely as a matter of state law by the petitioner[14] and for this reason is not subject to review here. Holloway v. Horn, 355 F.3d 707 (3d Cir.) cert. denied 543 U.S. 976 (2004). Nevertheless, even if it were not for this impediment, the petitioner's sentence of eighteen and a half to thirty-seven years was within the statutory limitations for the charges on

---

[13] See: Exhibit 6 at pp. 1-2.

[14] See: Exhibit 17.

which he was convicted and for this reason does not provide a basis for federal relief. Leroy v. Carroll, 437 F.Supp.2d 260 (D.Del. 2006). Finally, under Pennsylvania law, a sentencing court may consider matters beyond convictions in crafting its sentence. Com. v. Fries, 523 A.2d 1134 (Pa.Super.) allocatur denied 531 A.2d 427 (1987). Thus, this claim is without merit.

In his third issue, the petitioner contends he is entitled to relief on the grounds that the evidence was insufficient to sustain his conviction in that the gun employed during the crime was not linked to the petitioner. This issue involves whether any rational finder of fact could draw a conclusion of guilt, Johnson v. Virginia, 443 U.S. 307 (1979), and reweighing the evidence in a feeble attempt to undermine the findings of the jury, does not provide a basis for federal relief.

Finally, the petitioner argues that counsel was ineffective for failing to call alibi witnesses to testify in his behalf. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in

performance prong and the prejudice prong.  See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987), cert. denied, 484 U.S. 863 (1987).  As a result, if a petitioner fails on either prong, he loses.  Holladay v. Haley, 209 F.3d 1243, 1248 (11th 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted);  Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.")

Petitioner did raise this issue in the trial court which court following a hearing concluded that the petitioner had failed to inform counsel of the existence of these potential witness who he claimed would place him at the Renewal Center at the time of the crime.[15] In addition, the only available evidence from Renewal did not account for the petitioner's whereabouts at the time of the crime.[16] Thus, counsel cannot be deemed to have been ineffective.

Because the issues raised by the petitioner demonstrate that he is not entitled to relief, it is recommended that the petition of Lorenzo Harris for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal claim.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

[15] See: Exhibit 3 at pp.8-10.

[16] Id.

                Respectfully submitted,

                s/Robert C. Mitchell,
Entered: August 6, 2007       United States Magistrate Judge